| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CLYDE EUGENE SOPHUS, § <br> TDCJ 444590, § <br>                  Plaintiff, § <br> § <br> versus § <br> § <br> RICK THALER, ET AL., § <br> § <br>                  Defendants. § | CIVIL ACTION H-10-1805 |

## Opinion on Dismissal

Clyde Eugene Sophus sues Prison Director Rick Thaler and Pamela Williams. Sophus sues for civil rights violations under 42 U.S.C. § 1983. He moves to proceed as a pauper. Sophus is held in a Texas prison.

Sophus's claims follow. While serving his prison sentence, he was convicted of possession of a deadly weapon in a penal institution and sentenced to four years in prison. After receiving this sentence, a judge issued a *nunc pro tunc* order deleting the affirmative finding of a deadly weapon attached to this conviction. This finding has yet to be removed from the prison computer although the state court issued the order in 1998. After the judge convicted Sophus of possession of a weapon, parole officials released Sophus; later revoked his parole; and returned him to prison. Many years later, the four-year sentence on the weapons conviction is still pending. Sophus says that prison officials illegally lengthened his sentence, officials have failed to state that his sentence is judicially complete, or both. Sophus requests a judicial pronouncement that his four-year sentence is complete, a recalculation of parole consideration, and monetary compensation.

In his memorandum in support of his complaint (2), Sophus says he returned to prison in June 2003 after revocation of a mandatory supervision release. He says when he returned to prison he learned that his four-year sentence was still running under prison records and that the deadly-weapon finding was still in his records. (2, p. 2). He submits a prison printout in support of these assertions.

(2, p. 37). The printout is dated August 21, 2004.

The limitation period for section 1983 cases in Texas is two years. *Owen's v. Okure*, 488 U.S. 235 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). The limitation period starts when the plaintiff knows about the injury or has reason to know about it. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). A plaintiff need not realize that a claim exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). The limitation period starts when the plaintiff "has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge." *Id.* Sophus learned the facts underlying his claims by August 21, 2004, at the latest.

The limitation period started on August 21, 2004, and ended on August 21, 2006. Sophus sued on May 14, 2010. Sophus sued more than three years after the statute of limitations expired.

This case is dismissed as late. Because Sophus sued after the statute of limitations expired, he fails to state a claim on which relief may be granted. *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). The clerk will send a copy to the Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Three-Strikes List, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed _____, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge